FILED

JUN 1 4 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:23CR308 JAR/RHH |
| ) | |
| STEPHEN PATRICK HIGGINS, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

**COUNTS ONE-FOUR**
**Wire Fraud**
**(18 U.S.C. § 1343)**

**A. INTRODUCTION**

1. At all times relevant to this Indictment, defendant Stephen Patrick Higgins (hereinafter referred to as "**HIGGINS**") was a resident of the Eastern District of Missouri.

2. At all times relevant to this Indictment, "Company" was a construction business located in Chesterfield, Missouri, within the Eastern District of Missouri. **HIGGINS** was employed as a sales engineer at Company from approximately May 30, 2017, through April 26, 2021. **HIGGINS'** duties at Company included developing new clients and purchasing construction materials.

3. Among other privileges and responsibilities, Company provided **HIGGINS** with corporate credit card 7897, issued by JP Morgan Chase. Given the nature of **HIGGINS'** position, he frequently traveled and interacted with customers. These work responsibilities created the

1

opportunity for **HIGGINS** to frequently use his corporate credit card and made it important for **HIGGINS** to accurately report his credit card usage to Company, particularly given the broad and varied nature of his responsibilities. **HIGGINS** was not authorized to use 7897 to purchase items for his own personal use. Company paid the charges on 7897.

4. PayPal Holdings, Inc. ("PayPal") and Venmo are online services that allow individuals and businesses with PayPal or Venmo accounts to transfer money from bank accounts or credit cards to other individuals or businesses that also have PayPal or Venmo accounts. PayPal owns Venmo. PayPal does not maintain servers in the state of Missouri. **HIGGINS** was the authorized user of PayPal accounts 8510 and 9399 and the authorized user of Venmo account 2950.

### B. SCHEME TO DEFRAUD

5. From on or about October 1, 2017, to on or about April 26, 2021, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendant,

**STEPHEN PATRICK HIGGINS,**

devised, intended to devise, and knowingly participated in a scheme to defraud Company, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

6. It was a part of the scheme that **HIGGINS** completed transactions in which he used 7897 to transfer money from Company to PayPal accounts owned by **HIGGINS**. For example, on or about January 16, 2020, **HIGGINS** used 7897 to make two fraudulent $3,800.00 transfers to **HIGGINS'** PayPal account 8510. On or about April 2, 2021, **HIGGINS** used card 7897 to make a transfer of $885.00 and a transfer of $1,213.57 to **HIGGINS'** PayPal account 8510. On

each occasion, **HIGGINS** thereafter transferred the funds from his PayPal account 8510 to **HIGGINS'** PayPal account 9399.  For each of these transfers, **HIGGINS** falsely identified the payee so that it appeared on 7897's statements that the payments were going to legitimate entities with which Company does business, when, in fact, the transfers were for **HIGGINS'** personal use.

7. It was further part of the scheme that **HIGGINS** executed transactions during which he used card 7897 to transfer money to **HIGGINS'** personal Venmo account 2950.

8. It was further part of the scheme that **HIGGINS** used card 7897 to make personal purchases and pay his personal expenses.  For example, in 2020 and 2021, **HIGGINS** used card 7897 to make multiple payments to Spotify and Microsoft Xbox Live for his personal use, unrelated to the legitimate business of Company.

### C. THE WIRES

9. On or about the dates listed below, within the Eastern District of Missouri and elsewhere, for the purpose of executing his scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| One | 01/16/2020 | Used card 7897 to transfer $3,800.00 to PayPal account 8510 |
| Two | 01/16/2020 | Used card 7897 to transfer $3,800.00 to PayPal account 8510 |
| Three | 04/02/2021 | Used card 7897 to transfer $885.00 to PayPal account 8510 |
| Four | 04/02/2021 | Used card 7897 to transfer $1,213.57 to PayPal account 8510 |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

3

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts One through Five, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3. If any of the property described above, as a result of any act or omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JENNIFER J. ROY #47203MO
Assistant United States Attorney

4